UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CLARISSA MOHAMMED,** <br><br> Plaintiff, <br><br> v. <br><br> **DELTA AIR LINES, INC. and DAVID GILMARTIN,** <br><br> Defendants. | Civil Action No.: _____ <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Clarissa Mohammed ("Plaintiff" or "Ms. Mohammed"), by and through her attorneys, Hach Rose Schirripa & Cheverie, LLP, complaining of Defendants Delta Air Lines, Inc. ("Delta") and David Gilmartin ("Mr. Gilmartin") (collectively, "Defendants"), brings this action for employment discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), the New York State Human Rights Law, N.Y. Exec. L. §§ 296 *et seq.* ("NYSHRL") and the New York City Human Rights Law, N.Y. Admin. Code § 8-101 *et seq.* ("NYCHRL"), and hereby alleges upon information and belief, as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under Title VII and Section 1981. This Court has supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims pursuant to 28 U.S.C. § 1367, as they are related to the claims in this action within the Court's original jurisdiction such that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. Venue is also properly laid in this Court pursuant to 28 U.S.C. § 1391(b)(3) in that Defendant Delta operates and does business within this judicial district and Defendant Gilmartin resides in this judicial district.

**PARTIES**

3. Plaintiff Clarissa Mohammed is Muslin female of Trinidadian descent. Plaintiff resides in Nassau County, New York.

4. Plaintiff was employed by Delta from 2008 until she was terminated on or about January 17, 2024. At all relevant times, Plaintiff was based out of Delta's facilities at John F. Kennedy International Airport ("JFK Airport" or "JFK"), located in Queens, New York 11430.

5. At all relevant times, Plaintiff was an "employee" within the meaning of Title VII, Section 1981, the NYSHRL and the NYCHRL.

6. Defendant Delta Air Lines, Inc. is a publicly owned corporation organized under the laws of the state of Delaware with its principal place of business located at 1030 Delta Boulevard, Atlanta, Georgia 30354.

7. At all relevant times, Delta has transacted business within Queens County, New York through its operations at JFK Airport and LaGuardia Airport, both located in Queens County, New York.

8. At all relevant times, Delta was an "employer" covered by Title VII, Section 1981, the NYSHRL and the NYCHRL.

9. Defendant David Gilmartin is a Delta employee who served as Plaintiff's direct supervisor during the period of misconduct alleged herein. Upon information and belief, Gilmartin resides in Suffolk County, New York.

**SUSBTANTIVE ALLEGATIONS**

10. Ms. Mohammed began working for Delta on March 16, 2009, as a customer service/gate agent at the JFK Airport. She successfully completed flight attendant training and eventually served as a flight attendant ("FA") for Delta. As a flight attendant, Ms. Mohammed was based out of JFK.

11. Ms. Mohammed worked as an FA until on or about September 16, 2022, when she was promoted to Field Service Manager ("FSM") at Delta, a position which was also based out of JFK Airport. As an FSM, Ms. Mohammed reported directly to base manager David Gilmartin.

12. Almost immediately upon becoming an FSM, another FSM, Anastasia Mighty ("Ms. Mighty"), began harassing Plaintiff. For example, Ms. Mighty would regularly call Ms. Mohammed ethnic food names, such as "curry chicken," "buss up" and "goat roti," and she would often comment to Ms. Mohammed that she smelled like "coconut oil."

13. Ms. Mighty would laugh uncontrollably each time that she made harassing and discriminatory comments towards Ms. Mohammed, encouraging others around her to do the same.

14. Although Ms. Mohammed constantly asked Ms. Mighty to stop calling her discriminatory names, Ms. Mighty never did.

15. Finally, on or about January 12, 2023, after an incident in which Ms. Mighty pulled Ms. Mohammed's hair, commenting that she just wanted to see if Ms. Mohammed had coconut oil in her hair, Ms. Mohammed reported Ms. Mighty's harassing behavior and persistent ethnic name calling to Mr. Gilmartin.

16. Notably, Mr. Gilmartin had also been impermissibly calling Ms. Mohammed by names other than her own all along, referring to her "Matushka" (meaning "mother" in an antiquated form) and "Popadya" (meaning "priest's wife"), both of which are disrespectful and unprofessional in a work environment.

17. Notwithstanding, Delta purportedly conducted an investigation into Ms. Mohammed's complaint against Ms. Mighty; however, little, if anything, was done about it, as Ms. Mighty continued to make disparaging remarks towards Ms. Mohammed.

18. Further, Mr. Gilmartin did not take Ms. Mohammed's complaint about Ms. Mighty's harassing behavior and name calling seriously, as evidenced by his various comments and actions.

19. For example, on March 22, 2023, Mr. Gilmartin texted Ms. Mohammed "[a]t the bus sup, I mean bus stop," in response to her informing him that the parking lot was full. He added, "[i]t is a mighty problem," and attached a clip from a Mighty Dog commercial, downplaying Ms. Mohammed's complaints about Ms. Mighty's incessant name calling and in turn, making fun of Ms. Mighty.

20. Mr. Gilmartin, again in reference to the character "Mighty Dog," would regularly growl like a dog toward Ms. Mohammed, further downplaying the severity of Ms. Mohammed's complaints.

21. In or around August 2023, after Ms. Mohammed witnessed Mr. Gilmartin deny a Muslim co-worker's request to use an empty room as a prayer space, Mr. Gilmartin began calling Mr. Mohammed "sharmuta," an offensive Arabic slur meaning "bitch" or "whore."

22. After the October 7, 2024 Hamas-led attack on Israel, Mr. Gilmartin's comments towards Ms. Mohammed intensified and he would openly mock Ms. Mohammed's last name.

23. Subsequently in October 2023, Ms. Mohammed was reprimanded for wearing a Palestinian bracelet, as Gilmartin threatened to fire her if she did not remove it. Although Ms. Gilmartin promptly removed the bracelet, she witnessed numerous colleagues wearing symbols of support for Israel, such as pins of the Israeli flag, yet to her knowledge, none of these colleagues were reprimanded nor were they told to remove their paraphernalia.

24. Although Delta had been purportedly investigating Ms. Mohammed's complaints of a hostile work environment, she later learned that the investigation had turned towards her.

25. On November 6, 2023, Ms. Mohammed was suspended from Delta without pay, pending a review for continued employment. Upon information and belief, Gilmartin actively participated in Delta's decision to suspend Ms. Mohammed's employment. Remarkably, even when informing Ms. Mohammed of her suspension, Gilmartin addressed her as "Matushka."

26. On January 17, 2024, Ms. Mohammed was terminated from Delta. Upon information and belief, Gilmartin actively participated in Delta's decision to terminate Ms. Mohammed's employment.

27. As a result of the foregoing, Delta is liable for the hostile work environment that Plaintiff was forced to endure, as well for the retaliatory/discriminatory suspension and termination of Plaintiff.

28. Because Gilmartin participated in the conduct giving rise to Ms. Mohammed's hostile work environment and her retaliatory/discriminatory suspension and termination, Gilmartin is similarly liable for aiding and abetting Delta's unlawful harassment, discrimination and retaliation.

## EEOC AUTHORIZATION TO FILE

29. Plaintiff filed a charge of discrimination against Delta with the Equal Employment Opportunity Commission ("EEOC") on February 20, 2024.

30. On September 5, 2024, the EEOC issued a Dismissal of Charge and Notice of Right to Sue. *See* Dismissal of Charge and Notice of Right to Sue, attached hereto as **Exhibit A.**

31. Plaintiff brings this Complaint within 90 days of the receipt of the Dismissal of Charge and Notice of Right to Sue.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII
*(Against Defendant Delta)*

32. Plaintiff repeats and re-alleges by reference each and every allegation contained in the above stated paragraphs, and incorporate the same herein as though fully set forth.

33. In the course of performing the duties of her position, Plaintiff was forced to endure a hostile work environment, which was severe and pervasive and which altered her working conditions. Defendant Delta established and tolerated this hostile work environment on the basis of Plaintiff's religion and national origin.

34. As a direct and proximate result of Defendant Delta's unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

35. As a direct and proximate result of the unlawful discriminatory conduct committed by Defendant Delta in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

36. Defendant Delta's unlawful and discriminatory actions were done with willful negligence, or recklessness, or a conscious disregard of the rights of Plaintiff or conduct so reckless as to amount to such disregard of Plaintiff's protected rights under Title VII, for which Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
## <u>DISCRIMINATION IN VIOLATION OF TITLE VII</u>
*(Against Defendant Delta)*

37. Plaintiff repeats and re-alleges by reference each and every allegation contained in the above stated paragraphs, and incorporate the same herein as though fully set forth.

38. Defendant Delta discriminated against Plaintiff in violation of Title VII by *inter alia,* terminating Plaintiff on the basis of her religion and national origin.

39. As a direct and proximate result of Defendant Delta's unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

40. As a direct and proximate result of the unlawful discriminatory conduct committed by Defendant Delta in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

41. Defendant Delta's unlawful and discriminatory actions were done with willful negligence, or recklessness, or a conscious disregard of the rights of Plaintiff or conduct so reckless as to amount to such disregard of Plaintiff's protected rights under Title VII, for which Plaintiff is entitled to an award of punitive damages.

## THIRD CAUSE OF ACTION
## RETALIATION IN VIOLATION OF TITLE VII
*(Against Defendant Delta)*

42. Plaintiff repeats and re-alleges by reference each and every allegation contained in the above stated paragraphs, and incorporate the same herein as though fully set forth.

43. By and through its course of conduct, Defendant Delta retaliated against Plaintiff in violation of Title VII for complaining about a hostile work environment and unequal treatment on the basis of religion and national origin by terminating her employment.

44. As a direct and proximate result of Defendant Delta's unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

45. As a direct and proximate result of the unlawful conduct committed by Defendant Delta in violation of Section Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

46. Defendant Delta's unlawful and discriminatory actions were done with willful negligence, or recklessness, or a conscious disregard of the rights of Plaintiff or conduct so reckless as to amount to such disregard of Plaintiff's protected rights under Title VII, for which Plaintiff is entitled to an award of punitive damages.

## FOURTH CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF 1981
*(Against Defendant Delta)*

47. Plaintiff repeats and re-alleges by reference each and every allegation contained in the above stated paragraphs, and incorporate the same herein as though fully set forth.

48. In the course of performing the duties of her position, Plaintiff was forced to endure a hostile work environment, which was severe and pervasive and which altered her working conditions. Defendant Delta established and tolerated this hostile work environment on the basis of Plaintiff's national origin.

49. As a direct and proximate result of Defendant Delta's unlawful discriminatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

50. As a direct and proximate result of the unlawful discriminatory conduct committed by Defendant Delta in violation of Section 1981, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

51. Defendant Delta's unlawful and discriminatory actions were done with willful negligence, or recklessness, or a conscious disregard of the rights of Plaintiff or conduct so reckless as to amount to such disregard of Plaintiff's protected rights under Section 1981, for which she is entitled to an award of punitive damages.

## FIFTH CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF 1981
*(Against Defendant Delta)*

52. Plaintiff repeats and re-alleges by reference each and every allegation contained in the above stated paragraphs, and incorporate the same herein as though fully set forth.

53. Defendant Delta discriminated against Plaintiff in violation of Section 1981 by *inter alia*, terminating Plaintiff on the basis of her national origin.

54. As a direct and proximate result of Defendant Delta's unlawful discriminatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

55. As a direct and proximate result of the unlawful discriminatory conduct committed by Defendant Delta in violation of Section 1981, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

56. Defendant Delta's unlawful and discriminatory actions were done with willful negligence, or recklessness, or a conscious disregard of the rights of Plaintiff or conduct so reckless as to amount to such disregard of Plaintiff's protected rights under Section 1981, for which she is entitled to an award of punitive damages.

### SIXTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF 1981
*(Against Defendant Delta)*

57. Plaintiff repeats and re-alleges by reference each and every allegation contained in the above stated paragraphs, and incorporate the same herein as though fully set forth.

58. By and through its course of conduct, Defendant Delta retaliated against Plaintiff in violation of Section 1981 for complaining about a hostile work environment and unequal treatment on the basis of national origin by terminating her employment.

59. As a direct and proximate result of Defendant Delta's unlawful discriminatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, monetary

and/or other economic harm for which she is entitled an award of monetary damages and other relief.

60. As a direct and proximate result of the unlawful conduct committed by Defendant Delta in violation of Section 1981, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

61. Defendant Delta's unlawful and discriminatory actions were done with willful negligence, or recklessness, or a conscious disregard of the rights of Plaintiff or conduct so reckless as to amount to such disregard of Plaintiff's protected rights under Section 1981, for which Plaintiff is entitled to an award of punitive damages.

## SEVENTH CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF NYSHRL
*(Against Defendant Delta)*

62. Plaintiff repeats and re-alleges by reference each and every allegation contained in the above stated paragraphs, and incorporate the same herein as though fully set forth.

63. In the course of performing the duties of her position, Plaintiff was forced to endure a hostile work environment such that she was treated less well than other employees because of her religion and national origin.

64. As a direct and proximate result of Defendant Delta's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

65. As a direct and proximate result of Defendant Delta's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

66. Defendant Delta's unlawful and discriminatory actions were done with willful negligence, or recklessness, or a conscious disregard of the rights of Plaintiff or conduct so reckless as to amount to such disregard of Plaintiff's protected rights under the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## EIGHTH CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF NYSHRL
*(Against Defendant Delta)*

67. Plaintiff repeats and re-alleges by reference each and every allegation contained in the above stated paragraphs, and incorporate the same herein as though fully set forth.

68. By and through its course of conduct, Defendant Delta willfully violated the NYSHRL by *inter alia*, terminating Plaintiff on the basis her religion and national origin.

69. As a direct and proximate result of Defendant Delta's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

70. As a direct and proximate result of the unlawful discriminatory conduct committed by Defendant Delta in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation,

embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

71. Defendant Delta's unlawful and discriminatory actions were done with willful negligence, or recklessness, or a conscious disregard of the rights of Plaintiff or conduct so reckless as to amount to such disregard of Plaintiff's protected rights under the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## NINTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF NYSHRL
### *(Against Defendant Delta)*

72. Plaintiff repeats and re-alleges by reference each and every allegation contained in the above stated paragraphs, and incorporate the same herein as though fully set forth.

73. By and through its course of conduct, Defendant Delta retaliated against Plaintiff in violation of the NYSHRL for complaining about a hostile work environment and unequal treatment on the basis of religion and national origin by terminating her employment.

74. As a direct and proximate result of Defendant Delta's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

75. As a direct and proximate result of the unlawful discriminatory conduct committed by Defendant Delta in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

76. Defendant Delta's unlawful and discriminatory actions were done with willful negligence, or recklessness, or a conscious disregard of the rights of Plaintiff or conduct so reckless

as to amount to such disregard of Plaintiff's protected rights under the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## TENTH CAUSE OF ACTION
## AIDING AND ABETTING UNDER THE NYSHRL
### (*Against Defendant Gilmartin*)

77. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

78. Under Section 296(6) of the NYSHRL, "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

79. Defendant Gilmartin, in his position as Plaintiff's direct supervisor, engaged in an unlawful discriminatory practice in violation of Section 296(6) of the NYSHRL by aiding, abetting, inciting, compelling and coercing the above harassment, discrimination and retaliation.

80. As a direct and proximate result of Defendant Gilmartin's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

81. As a direct and proximate result of the unlawful discriminatory conduct committed by Defendant Gilmartin in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

82. Defendant Gilmartin's unlawful and discriminatory actions were done with willful negligence, or recklessness, or a conscious disregard of the rights of Plaintiff or conduct so reckless

as to amount to such disregard of Plaintiff's protected rights under the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## ELEVENTH CAUSE OF ACTION
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF NYCHRL
*(Against Defendant Delta)*

83. Plaintiff repeats and re-alleges by reference each and every allegation contained in the above stated paragraphs, and incorporate the same herein as though fully set forth.

84. In the course of performing the duties of her position, Plaintiff was forced to endure a hostile work environment such that she was treated less well than other employees because of her religion and national origin.

85. As a direct and proximate result of Defendant Delta's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

86. As a direct and proximate result of Defendant Delta's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

87. Defendant Delta's unlawful and discriminatory actions were done with willful negligence, or recklessness, or a conscious disregard of the rights of Plaintiff or conduct so reckless as to amount to such disregard of Plaintiff's protected rights under the NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

## TWELFTH CAUSE OF ACTION
### DISCRIMINATION IN VIOLATION OF NYCHRL
*(Against Defendant Delta)*

88. Plaintiff repeats and re-alleges by reference each and every allegation contained in the above stated paragraphs, and incorporate the same herein as though fully set forth.

89. By and through its course of conduct, Defendant Delta willfully violated the NYCHRL by *inter alia*, terminating Plaintiff on the basis her religion and national origin.

90. As a direct and proximate result of Defendant Delta's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

91. As a direct and proximate result of the unlawful discriminatory conduct committed by Defendant Delta in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

92. Defendant Delta's unlawful and discriminatory actions were done with willful negligence, or recklessness, or a conscious disregard of the rights of Plaintiff or conduct so reckless as to amount to such disregard of Plaintiff's protected rights under the NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

## THIRTEENTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF NYCHRL
*(Against Defendant Delta)*

93. Plaintiff repeats and re-alleges by reference each and every allegation contained in the above stated paragraphs, and incorporate the same herein as though fully set forth.

94. By and through its course of conduct, Defendant Delta retaliated against Plaintiff in violation of the NYCHRL for complaining about a hostile work environment and unequal treatment on the basis of religion and national origin by terminating her employment.

95. As a direct and proximate result of Defendant Delta's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

96. As a direct and proximate result of the unlawful discriminatory conduct committed by Defendant Delta in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

97. Defendant Delta's unlawful and discriminatory actions were done with willful negligence, or recklessness, or a conscious disregard of the rights of Plaintiff or conduct so reckless as to amount to such disregard of Plaintiff's protected rights under the NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

## FOURTEENTH CAUSE OF ACTION
## AIDING AND ABETTING UNDER THE NYCHRL
(*Against Defendant Gilmartin*)

98. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

99. Under Section 8-107(6) of the NYCHRL, "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

100. Defendant Gilmartin, in his position as Plaintiff's direct supervisor, engaged in an unlawful discriminatory practice in violation of Section 8-107(6) of the NYCHRL by aiding, abetting, inciting, compelling and coercing the above discriminatory and retaliatory conduct.

101. As a direct and proximate result of Defendant Gilmartin's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

102. As a direct and proximate result of the unlawful discriminatory conduct committed by Defendant Gilmartin in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

103. Defendant Gilmartin's unlawful and discriminatory actions were done with willful negligence, or recklessness, or a conscious disregard of the rights of Plaintiff or conduct so reckless as to amount to such disregard of Plaintiff's protected rights under the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this court grant the following relief:

A. declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State and City of New York;

B. Order the reinstatement of Plaintiff's employment with Defendant;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages;

D.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical and mental injuries;

E.  An award of punitive damages;

F.  An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

G.  Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all of the triable issues of fact and damages stated herein.

Dated: New York, New York
December 2, 2024

Respectfully submitted,

**HACH ROSE SCHIRRIPA & CHEVERIE LLP**

*/s/* Kathryn A. Hettler
Frank. R. Schirripa
Kathryn A. Hettler
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone: (212) 213-8311
Facsimile: (212) 779-0028

*Counsel for Plaintiff*